IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD FREEMAN,**

    **Petitioner,**

    v.                                       **Case No. C-2-04-006**
                                              **JUDGE SMITH**
**WILLIAM TANNER, Warden,**          **Magistrate Judge ABEL**

    **Respondent.**

**OPINION AND ORDER**

On April 1, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that respondent's motion to dismiss claims A through G as procedurally defaulted be denied, and that claim H be dismissed. Respondent has objected to the Magistrate Judge's recommendation regarding claims A through G.

Claims A through G were presented to the state courts in petitioner's October 3, 2002, application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B). On March 30, 2004, the state appellate court denied petitioner's application as untimely; however, the Magistrate Judge concluded that petitioner had established cause and prejudice for his procedural default, because petitioner timely delivered his application to prison authorities for mailing on September 5, 2002. *See Personal A/C withdrawal Checkout Slip,* Exhibits to Objections; Exhibit O to Return of Writ.

Respondent objects to the Magistrate Judge's conclusion that petitioner thereby established cause and prejudice for his procedural default of claims A through G. Although petitioner was incarcerated at the time he mailed his 26(B) application, respondent contends that petitioner has failed to establish that either the clerk's office, or prison officials were responsible for the delay in

receipt or filing of petitioner's 26(B) application. *Objections,* at 4-5. In support of his objections, respondent has attached an affidavit from Billie Henry, account clerk at the Pickaway Correctional Institution. Henry confirms that petitioner delivered documents labeled as a "App.R.26(B) motion," *see* Exhibits O to Return of Writ, to prison authorities for mailing on September 5, 2002. She states that the documents were mailed prior to September 9, 2005. Henry is unable to explain why the documents were not time-stamped as received by the clerk's office until October 3, 2002. *See* Exhibit O1 to Objections. Respondent has also attached an affidavit from Jan Antonoplos, Clerk for the Delaware County, clerk's office. Antonoplos states that all documents are time stamped as received on the day that they are actually received. Exhibit O2 to Objections.

Still, the record before this Court reflects that petitioner, who was incarcerated, delivered his 26(B) application to prison authorities for mailing in a timely manner. For reasons unknown, the application was not time stamped as filed until approximately one month later, and therefore was deemed untimely. Under these circumstances this Court agrees with the conclusion of the Magistrate Judge, that petitioner has established cause and prejudice for his procedural default of claims A through G. *See Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003); *Mohn v. Bock*, 208 F.Supp.2d 796 (E.D. Mich. 2002).

Respondent next appears to argue that petitioner failed to raise his allegations in claims A through G as claims of ineffective assistance of appellate counsel in his 26(B) motion. Review of the record, however, indicates that all such claims were presented properly as allegations of ineffective assistance of appellate counsel in petitioner's 26(B) application.[1]

---

[1] Petitioner argued in relevant part:

> The appellant was denied the effective assistance of counsel during

Finally, respondent contends that claim G presents an issue of state law that is not appropriate for federal habeas corpus review. In claim G, petitioner asserts:

> The petitioner was denied the Sixth and Fourteenth Amendment guarantee to counsel where Ohio Appellate Rule 26(B) fails to contain any provision for assignment of counsel to an indigent attempting to reopen their direct appeal.

*Petition.* Such claim presents an issue of constitutional magnitude.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* that are objected to by respondent. In view of the foregoing, and for the reasons discussed in the *Report and Recommendation*, respondent's objections are **OVERRULED.**

Although petitioner was specifically informed of his right to object to the *Report and Recommendation*, and of the consequences of his failure to do so, there has nevertheless been no objection to the *Report and Recommendation* by petitioner.[2]

The *Report and Recommendation* is hereby **ADOPTED AND AFFIRMED**. Claim H is **DISMISSED**. Respondent's motion to dismiss the remainder of petitioner's claims as procedurally defaulted is **DENIED**. Respondent is **DIRECTED** to provide supplemental briefing regarding petitioner's claims A through G within twenty (20) days of the date of this order. Petitioner may

---

> direct appeal... when appellate counsel failed to raise the claims set forth below on the direct appeal and said claims have merit.

Exhibit M to Return of Writ. He than asserted all of the same claims presented in claims A through G of the instant habeas corpus petition. *See id.*

[2] The docket reflects that petitioner has been released from prison, and his current whereabouts are unknown. Petitioner therefore did not receive notice of the Magistrate Judge's *Report and Recommendation;* however, it is petitioner's responsibility to keep the Court advised of his current address.

respond within fifteen (15) days thereafter.

      **IT IS SO ORDERED.**

                                                  /S/ George C. Smith
                                                  GEORGE C. SMITH
                                                  United States District Judge